IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                       CRIMINAL ACTION NO.  2:06-cr-188-01

EARL MILLER, SR.,

          Defendant.

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. (Document 55).  On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base.  These temporary, emergency amendments to the Guidelines took effect on November 1, 2010.  Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011.  Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments.  Pursuant to a Standing Order entered on October 7,  2011, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, addendum to the PSI from the Probation Office and any materials submitted by the parties on this issue.  The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with §

3582(c)(2), and public safety.  By its written and filed response, the United States does not object to the reduction ordered herein.[1]

Defendant's original Presentence Investigation Report attributed to him 12.8 grams of cocaine base and 31.7 grams of cocaine, which resulted in a base offense level of 26.  His criminal history category was calculated to be VI.  This Defendant received a three-level reduction for acceptance of responsibility.  No other enhancements or reductions were applied. His original guideline range was ninety-two to one hundred fifteen (92-115) months ,and he was sentenced to a  term of ninety-two (92) months of  imprisonment.  On October 20, 2008, as a result of the 2007 United States Sentencing Guideline amendment, Defendant's  previous sentence was reduced to seventy-seven (77) months, with credit for time served.

During his period of incarceration, the Court observes that Defendant has had no disciplinary sanctions.  He has completed the inmate financial responsibility program and completed the drug education program offered by the Bureau of Prison.  However, he failed the residential drug treatment program. Defendant has a history of convictions for drug offenses, unlawful firearm possession, forgery and employment security fraud.  He has an extensive substance abuse history. Defendant received training as an electrician when he was in the United States Navy and has a lengthy history of employment.

---

[1]  On January 5, 2012, counsel for the Government filed its response to the Court's January 5, 2012 Order, wherein he stated an "agree[ment] with the United States Probation Office's conclusion that this defendant is not eligible for a reduced sentence." (Response of the United States to Court's Order Regarding Defendant's Motion Pursuant to 18 U.S.C. § 3852(c)(2) (Document 58)).  To explain its position, the Government asserted that "Defendant was subject to a statutorily mandated five-year minium sentence and received a 92-month term of imprisonment.  (*Id*.)  However, on January 17, 2012, counsel for the Government filed a second response. (Response of the United States to Court's Order Regarding Defendant's Motion Pursuant to 18 U.S.C. § 3852(c)(2) (Document 60).  In this filing, the Government indicates that it agrees with the United States Probation Officer's conclusion that the Defendant is eligible for sentence reduction.  (*Id*.)  The Government also "moves to withdraw its initial response filed January 5, 2012 that erroneously claimed defendant was not eligible for this reduction."  (*Id*.)

Based on the foregoing considerations, the Court **ORDERS** that the Defendant's Motion (Document 55) be **GRANTED**. The Court **ORDERS** that Defendant's base offense level be reduced by six (6) levels to 20. After consideration of his acceptance of responsibility, Mr. Miller's a new total offense level is seventeen (17). Given this total offense level, his criminal history category of VI, and the statutorily mandatory minimum for his offense of conviction, Defendant's new advisory guideline range becomes sixty to sixty-three **(60-63)** months. It is further **ORDERED** that Defendant's previous sentence be reduced to a term of sixty **(60)** months, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C). Additionally, the Court **ORDERS** the Government's motion (contained in the RESPONSE OF THE UNITED STATES TO COURT'S ORDER REGARDING DEFENDANT'S MOTION PURSUANT TO 18 U.S.C. 2582(c)(2), Document 60) to withdraw its initial response to the Court's January 5, 2012 Order be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshals.

ENTER:        January 27, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

3